**No. 26-222**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

Skye Griffin,

*Plaintiff-Appellee*,

v.

Elizabeth Chen (a/k/a Elizabeth Keily),

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Central District of California – Western Division
No. 2:24-cv-07502-MWC-MAA
Hon. Michelle Williams Court

---

## APPELLANT'S OPENING BRIEF

---

Jeffrey M. David, Bar No. 265503
Call & Jensen, APC
610 Newport Center Drive, Suite 700
Tel: (949) 717-3000
jdavid@calljensen.com

Charles T. Schimmel
The Sultzer Law Group
1800 Gaylord
Denver, CO 80206
(913) 634-6762 (direct)
Schimmelc@thesultzerlawgroup.com

*Attorneys for Appellant*
Elizabeth Chen (a/k/a Elizabeth Keily)

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS.................................................................................2

TABLE OF AUTHORITIES .........................................................................4

INTRODUCTION .........................................................................................7

JURISDICTIONAL STATEMENT ...............................................................7

ISSUES PRESENTED...................................................................................8

PERTINENT FEDERAL RULES OF CIVIL PROCEDURE ..............................9

STATEMENT OF THE CASE.....................................................................12

SUMMARY OF THE ARGUMENT ...........................................................13

STANDARD OF REVIEW ..........................................................................15

STATEMENT OF FACTS ...........................................................................15

ARGUMENT ...............................................................................................17

    I.     The District Court Abused Its Discretion In Finding That Service Was Reasonably Calculated To Provide Appellant With Actual Notice....17

    II.    The District Court Abused Its Discretion In Finding That Appellant Engaged In Culpable Conduct To Evade Service .............................23

    III.   The District Court Abused Its Discretion In Finding That Appellant Failed To Present A Meritorious Defense...........................................28

    IV.   The District Court Abused Its Discretion In Finding Prejudice To Appellee......................................................................................32

**TABLE OF CONTENTS (Cont'd)**

**Page**

V.      The District Court Erred In Denying Relief Under Rule 60(b) ..........33

CONCLUSION ....................................................................................35

Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6 ...................37

Form 8. Certificate of Compliance for Briefs ..........................................38

Form 15. Certificate of Service for Electronic Filing ...............................39

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Akkelian v. Gevorkyan*,
833 Fed. Appx. 467 (9th Cir. 2021)..................................................................14

*Bateman v. U.S. Postal Serv.*,
231 F.3d 1220 (9th Cir. 2000) ........................................................................32

*Brandt v. Am. Bankers Ins. Co.*,
653 F.3d 1108 (9th Cir. 2011) ........................................................................15

*Conmar Corp. v. Mitsui & Co. (U.S.A.) Inc.*,
858 F.2d 499 (9th Cir. 1988)..........................................................................29

*Delavari v. Nguyen*,
2011 U.S. Dist. LEXIS 123376 (C.D. Cal. 2011) .........................................18

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) ..........................................................................20

*Evans v. Independent Order of Foresters*,
141 F.3d 932 (1998)........................................................................................14

*Falk v. Allen*,
739 F.2d 461 (9th Cir. 1984) .................................................................. 14, 32

*Greene v. Lindsey*,
456 U.S. 444 . (1982)......................................................................................35

*Gregorian v. Izvestia*,
871 F.2d 1515 (9th Cir. 1989) ................................................................ 21, 25

*Hawaii Carpenters' Trust Funds v. Stone*,
794 F.2d 508 (9th Cir. 1986) ..........................................................................28

*Hexcel Corp. v. Ineos Ploymers, Inc.*,
681 F.3d 1055 (9th Cir. 2012) ........................................................................29

*Hines v. Regions Bank*,
782 Fed. Appx. 853 (11th Cir. 2019)..............................................................20

*Mason v. Genisco Tech. Corp.*,
960 F.2d 849 (9th Cir. 1992) ..........................................................................20

*Mullane v. Cent. Hanover Bank & Trust Co.*,
339 U.S. 306 (1950)........................................................................................18

*O'Connor v. State of Nev.*,
27 F.3d 357 (9th Cir. 1994) .................................................................... 17, 25

*Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*,
484 U.S. 97 (1987).........................................................................................20

# TABLE OF AUTHORITIES (Cont'd)

*Pardazi v. Cullman Med. Ctr.*,
896 F.2d 1313 (11th Cir. 1990) ..............................................................20

*Peralta v. Heights Medical Ctr., Inc.*,
485 U.S. 80 (1988) ................................................................................18

*Rutlege v. Boston Woven Hose & Rubber Co.*,
576 F.2d 248 (9th Cir. 1983) ..................................................................29

*TCI Group Life Ins. Plan v. Knoebber*,
244 F.3d 691 (9th Cir. 2001) .......................................................... 15, 26

*United States v. Assorted Firearms, Motorcycles & Other Personal Prop.*,
605 Fed. Appx. 603 (9th Cir. 2015)........................................................33

*United States v. Mesle*,
615 F.3d 1085 (9th Cir. 2010) ............................................... *passim*

## Cases

*Audio Toys, Inc. v. Smart AV Pty, LTD.*,
No. CV 06-6298-SBA, 2007 U.S. Dist. LEXIS 44078 (N.D. Cal. June 7, 2007)
.................................................................................... 17, 28, 32

*Chrome Hearts, LLC v. Boutique Talulah*,
2012 U.S. Dist. LEXIS 140120 (D. Nev. Sep. 28, 2012)..................................26

*Great W. Cas. Co. v. Arch Ins. Co.*,
2026 U.S. Dist. Lexis 37355 (N.D. Cal, February 23, 2026) ....................... 27, 29

*Jarvis v. State Farm Gen. Ins. Co.*,
2024 U.S. Dist. LEXIS 193187 (C.D. Cal. September 5, 2024.) ........................25

*Quach v. Cross*,
No. CV 03-09627 GAF, 2004 U.S. Dist. LEXIS 28983 (C.D. Cal. Dec. 3, 2004)
..................................................................................................28

*Savov v. Immunotech Labs., Inc.*,
2023 U.S. Dist. LEXIS 48378 (D. Nev. Mar. 21, 2023) ..................................26

*Timeless Prod. FZ LLC v. Vieconnect*,
2025 U.S. Dist. LEXIS 115831 (N. D. Cal. June 17, 2025)..............................18

*Wells v. Glob. Tech Indus.*,
2022 U.S. Dist. LEXIS 180447 (D. Nev. Sep. 30, 2022)..................................26

## Federal Statutes

28 U.S.C. § 1291 ..............................................................................7
28 U.S.C. § 1332..............................................................................7

## TABLE OF AUTHORITIES (Cont'd)

**<u>Federal Rules</u>**

Fed. Rule Civ. Pro. 4 ................................................................. 20, 22

Fed. Rule Civ. Pro. 55 ............................................................ 24, 28, 32

Fed. Rule Civ. Pro. 60 ................................................................. *passim*

Fed. Rule Appellate Pro. 28 ............................................................... 7

Fed. Rule Appellate Pro. 29 ............................................................. 38

Fed. Rule Appellate Pro. 32 ............................................................. 38

## INTRODUCTION

Defendant-Appellant Elizabeth Chen, a/k/a Elizabeth Keily, by and through undersigned counsel, pursuant to Rule 28 of the Federal Rules of Appellate Procedure, hereby respectfully submits this Opening Brief appealing the United States District Court for the Central District of California's December 10, 2025 Order improperly denying Appellant's motion to set aside the entry of default and default judgment entered against her. USCS Fed Rules App Proc R 28. The District Court abused its discretion in doing so by ignoring well-settled Ninth Circuit law requiring it to resolve all doubts in favor of Defendant-Appellant and favoring disputes being settled on the merits.

## JURISDICTIONAL STATEMENT

The District Court had subject matter jurisdiction over this action pursuant to 28 USCS § 1332. On September 23, 2025, the District Court entered a default judgment against Appellant in the amount of $5,289,078 and closed the case. Appellant filed a motion to set aside the entry of default and default judgment, which the District Court denied on December 10, 2025. Appellant filed a timely notice of appeal on January 8, 2026. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## ISSUES PRESENTED

1.     Whether the District Court abused its discretion in finding that service by email and text message to email accounts and a phone number that Appellant did not actively use or have access to was reasonably calculated to provide actual notice under constitutional due process requirements.

2.     Whether the District Court abused its discretion in finding that Appellant engaged in culpable conduct to evade service when she changed her phone number prior to Appellee's attempted service, without considering Appellant's alternative explanations for the timing.

3.     Whether the District Court abused its discretion in finding that although federal courts prefer cases to be decided on their merits Appellant failed to present a meritorious defense when she denied all allegations, raised statute of limitations defenses, and presented evidence that she was also a victim of harassment.

4.     Whether the District Court abused its discretion in finding prejudice to Appellee based on alleged loss of evidence.

5.     Whether the District Court erred in denying relief under Rule 60(b) although federal courts prefer cases to be decided on their merits when Appellant had no actual notice of the lawsuit or default judgment proceedings until after judgment was entered.

8

**Pertinent Federal Rules of Civil Procedure**

**Federal Rule of Civil Procedure 55: Default; Default Judgment**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) Setting Aside a Default or a Default Judgment. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) Judgment Against the United States. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

**Federal Rule of Civil Procedure 60: Relief From a Judgment or Order**

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final

judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

## STATEMENT OF THE CASE

This case arises from allegations that Appellant and 50 unnamed DOE defendants engaged in the stalking, harassment, and defamation of Appellee. ER-187-198. On November 19, 2024, the District Court authorized alternative service via email and text message to two email addresses and phone number. ER-155-156. After purportedly serving Appellant through these alternative means, Appellee filed an application for entry of default, which the clerk entered on January 2, 2025.  ER-152. On March 17, 2025, Appellee filed her first motion for default judgment, which the District Court granted in part. ER-150-151. Appellee filed a renewed motion for default judgment on August 1, 2025. ER-139-140. On September 23, 2025, the District Court granted Appellee's renewed motion and entered judgment in the amount of $5,289,078 against Appellant. ER-129-138.

Appellant first learned of the lawsuit through a rumor in late August or early September 2025 and confirmed its existence by consulting an attorney. ER-84-87,

12

¶5. On October 30, 2025, Appellant filed her motion to set aside the entry of default and default judgment (the "Motion"), which the District Court denied on December 10, 2025. ER-70-80, ER-5-14. Appellant has not appeared in the case prior to filing her Motion.

## SUMMARY OF THE ARGUMENT

The District Court abused its discretion in denying Appellant's Motion. The court's findings on each of the relevant factors were clearly erroneous and reflect a misapplication of the governing legal standards.

First, the District Court erred in finding that service was reasonably calculated to provide Appellant with actual notice. Appellant had changed her phone number prior to Appellee requesting to use it for service of process and she did not use the email addresses to which service documents were purportedly sent. Service that reaches inactive or inaccessible accounts cannot satisfy constitutional due process requirements.

Second, the District Court abused its discretion in finding culpable conduct based solely on the timing of Appellant's phone number change. The court drew an adverse inference without considering the submitted, under penalty of perjury, innocent explanations for the coincidental timing and without any evidence that Appellant changed her number for the purpose of evading service.

Third, the District Court erred in finding that Appellant failed to present a

13

meritorious defense. Appellant denied all allegations, raised the statute of limitations as a defense, and presented evidence that she was also a victim of harassment. The court's rejection of these defenses on the merits was premature and inappropriate at this procedural stage.

Fourth, the District Court's finding of prejudice to Appellee for the alleged inability to obtain evidence including phone records was clearly erroneous as it lacked any support or basis. Moreover, even if there was lost evidence, it resulted from circumstances beyond Appellant's control.

Finally, the District Court erred in denying relief under Rule 60(b) when Appellant had no actual notice of the proceedings until after judgment was entered.

The combination of inadequate service, lack of actual notice, and an extraordinarily large judgment amount constitutes extraordinary circumstances and combined with long-standing jurisprudence that federal courts prefer cases to be decided on their merits warrants reversal permitting Appellant to have her day in court and defending herself on the merits. The Ninth Circuit Court of Appeals has overturned several district courts' decisions denying motions to set aside default on similar grounds as the Appellants, emphasizing the importance of resolving cases on their merits whenever possible. See e.g *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984); *Evans v. Independent Order of Foresters*, 141 F.3d 932 (1998); *United States v. Mesle*, 615 F.3d 1085 (9th Cir. 2010); *Akkelian v. Gevorkyan*, 833 Fed.

14

Appx. 467 (9th Cir. 2021);

## STANDARD OF REVIEW

A district court's denial of a motion to set aside either default under Rule 55(c) or default judgment under Rule 60(b), is reviewed for abuse of discretion. *Brandt v. Am. Bankers Ins. Co.* 653 F.3d 1108, 1110 (9th Cir. 2011)(citing *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001).

## STATEMENT OF FACTS

Appellee filed her Complaint on September 3, 2024, alleging that Appellant or one of the unnamed DOE defendants used at least 18 "sham Instagram accounts" and 23 phone numbers to harass and threaten Appellee. ER-187-198.

After alleged unsuccessful attempts at personal service, on November 18, 2024, Appellee filed an Ex Parte Application to serve Appellant by email and text message. ER-157-164. In support of Appellee's Ex Parte Application to serve by email and text message, Appellee falsely alleged that "concrete evidence" confirmed Appellant used and maintained two email accounts (missekeily87@gmail.com and elizabethkeily@yahoo.com) and a phone number (310) 871-1771. ER-157-164.

Appellee's only "concrete evidence" in support of her Ex Parte Application

15

to serve by alternative means was her counsel's allegation that emails sent to the two email accounts "did not bounce back" and that text messages sent by Appellee's counsel "reflected the blue color of a successfully sent and received message between iPhones." (See Declaration of Brianna K. Pierce ER-165-167, ¶12.)

On November 19, 2024, the Court, relying on the Ex Parte application and declaration of Appellee's counsel, entered its Order permitting service by email and text message, using the accounts and phone number Appellee alleged Appellant maintained. ER-155-156.

Prior to Appellee seeking service by email and text message, on November 15, 2024, Appellant changed her phone number from 310-871-1771 to a new number. ER-84-87, ¶7. After changing her phone number, Appellant lost access to any calls, texts, or messages sent to the old number. *Id.*, ¶8.

Appellant did not use or have access to the two email addresses to Appellee used to send service documents and has utilized ek@elizabethkeily.com as her primary and active email address since January 2018, long before Appellee attempted service in 2024. *Id.*, ¶¶10, 11.

On November 22, 2024, Appellee filed a Proof of Service, alleging Appellant was served via text message and email and declaring, upon information and belief (but without any proof), that Defendant had actual notice of the action.

16

ER-153-154.

Appellant first heard a rumor of a default judgment against her in late August or early September 2025. ER-84-87, ¶5. She consulted an attorney who confirmed the existence of the lawsuit and judgment. *Id*., ¶6. Appellant then filed her motion to set aside the entry of default and default judgment. ER-70-80.

### ARGUMENT

**I. The District Court Abused Its Discretion In Finding That Service Was Reasonably Calculated To Provide Appellant With Actual Notice**

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *U.S. v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2004). "Default judgments are disfavored, and cases should be decided on their merits whenever reasonably possible. The interest in finality of judgment 'should give way fairly readily to further the competing interest in reaching the merits of a dispute.'" *Audio Toys, Inc. v. Smart AV Pty, LTD*. No. CV 06-6298-SBA, 2007 U.S. Dist. LEXIS 44078, 2007 WL 1655793, at *3 (N.D. Cal. June 7, 2007) (internal citations omitted). To that end, the Court shall resolve any doubt regarding whether to grant relief in favor of vacating default. *O'Connor v. State of Nev*., 27 F.3d 357, 364 (9th Cir. 1994). "Where timely relief is sought from a default…and the movant has some meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Id*., citing *Mendoza*

*v. Wight Vineyard Management*, 783, F.2d 941, 945 (9th Cir. 1986). In failing to follow this long-standing precent, the District Court abused its discretion in refusing to set aside its entry of default.

Constitutional due process requires that service of process be reasonably calculated to provide actual notice. To meet this requirement, the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to appraise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). A judgment entered without proper service of process is void for lack of personal jurisdiction as it violates due process. USCS Fed Rules Civ Proc R 60. *Delavari v. Nguyen*, 2011 U.S. Dist. LEXIS 123376 at *3. (citing *Peralta v. Heights Medical Ctr., Inc.* 485 U.S. 80, 85 (1988)). Service to email addresses and phone numbers that a defendant does not actively use or have access to cannot satisfy this constitutional requirement.

It is for that reason that the court in *Timeless Prod. FZ LLC v. Vieconnect*, 2025 U.S. Dist. LEXIS 115831 (N. D. Cal. June 17, 2025) recently denied a plaintiff's motion for alternative service by email and a WhatsApp number when the plaintiff was unable to provide the court with reliable factual information that the email addresses and WhatsApp number requested to be used for service were

regularly used by the party sought to be served where there was no evidence of that use. *Id*. at *7-11. In its analysis, the court held:

> Plaintiff has not provided the Court with a document…that shows Defendants used email and WhatsApp to communicate with Plaintiff….Further there is no indication that the address or the phone number are consistently used by Defendant Pham, or anyone else….and in turn the Court, has no reliable information regarding what working email address belongs to, or is otherwise used by Defendant Pham let alone the other named Defendants….The Court presumes that Plaintiff undertook some sort of investigation to credibly make those assertions [that the phone number and email addresses sought to be used for service were active and used], but again Plaintiff should include all the relevant details with an explanation of the results, in a declaration or affidavit with supporting documentation and record citations.

The analysis in *Timeless Prod. FZ LLC* is what *should* have been done by the District Court in this case. The only evidence before the District Court was that Appellant *did not* regularly use the email address and phone number served. Appellee explicitly *disclaimed* having done any type of investigation presumed in *Timeliness Prod. FZ LLC*—all counsel provided as evidence is that she kept sending messages to the email addresses and phone number in question, not that Appellant used them, not that there was any information Appellant used them, and not that any type of investigation was conducted. The District Court, therefore, abused its discretion in permitting Appellee to proceed with service based on zero evidence service would be effective.

19

In *Audio Toys, Inc. v. Smart AV Pty, LTD.*, in a case very like the present one—where default judgment was entered against a foreign defendant who was not properly served—the court vacated the default judgment (and simultaneously dismissed the case for lack of personal jurisdiction). In so doing, the court found that it "cannot exercise personal jurisdiction over a defendant without proper service of process." *Audio Toys, supra* at *4, citing *Omni Capital Int'l, Ltd. V. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4"). As a result, "[a] judgment is void where the requirements for effective service have not been met." *Id.*; quoting *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). A default judgment should result from a failure to plead or otherwise defend a case "only if the party has been properly served because 'a court lacks jurisdiction over the person of a defendant when that defendant has not been served'". *Hines v. Regions Bank*, 782 Fed. Appx. 853, 854 (11th Cir. 2019)(quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)).

As this Court previously stated in a case reversing the district court's denial of a motion to vacate a default judgment,

> While a district court has discretion to grant or deny a Rule 60(b) motion to vacate a default judgment, that discretion is limited by three policy

20

considerations. First, since Rule 60(b) is remedial in nature, it must be be liberally applied. Second, default judgments are generally disfavored, and "whenever it is reasonably possible, cases should be decided upon their merits." Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any should be resolved in favor of the motion to set aside the judgment.

*Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989)(internal citations omitted).

The District Court erred in finding Appellant was successfully served when she was, in fact, never served. ER-5-14, p. 1. The District Court claimed service was made on the fact that the two emails (sent to inactive accounts) "did not bounce back" and a text sent to a phone number (that was not owned, used or accessible by Appellant at the time) "turned blue", but this is insufficient. The Distrct Court found "Plaintiff's application [for alternative service] detailed that she had evidence of Defendant maintaining two valid email addresses" and "evidence of Defendant utilizing the cell phone number" (ER-5-14, p.1) but that evidence was unsupported, inaccurate and lacked a factual basis.

As Appellant established through documentary evidence, prior to Appellee seeking service by email and text message, on November 15, 2024, Appellant changed her phone number from 310-871-1771 to a new number. ER-84-87, ¶7. After changing her phone number, Appellant lost access to any calls, texts, or messages sent to the old number. *Id.*, ¶8. Accordingly, the text message allegedly sent by Appellee could not have been received by Appellant.

21

Nor did Appellant use or have access to the two email addresses to Appellee used to send service documents and has utilized ek@elizabethkeily.com as her primary and active email address since January 2018, long before Appellee attempted service in 2024. *Id*., ¶¶10, 11. Neither the District Court nor Appellant provided anything contrary to suggest Appellant was actually served with process.

The District Court's finding that service was reasonably calculated to provide notice was based on two emails that did not bounce back to the sender and a text message to a phone number Appellant did not have access to. However, these technical indicators do not establish that Appellant actually received or had access to these communications. An email that does not bounce back may still go to an inactive or dormant account. ER-81-83, ¶5. A text message sent to a phone number that the recipient had changed and does not have access to does not provide notice. – even if it "turns blue". *Id*., ¶7. Thus, the District Court abused its discretion in finding that service by email and text message to accounts and a phone number that Appellant did not actively use or have access to was reasonably calculated to provide actual notice. USCS Fed Rules Civ Proc R 4.

The District Court's reliance on the allegation that Appellee had previously served a restraining order on Appellant at the 310-871-1771 number is misplaced. Common sense dictates the alleged success of prior service to a phone number of a pleading unrelated to this action, clearly does not establish that service to that same

number several months later will be effective after the recipient has changed numbers.

Accordingly, because the evidence submitted by Appellant demonstrates that she was never actually served, did not have notice of the lawsuit and default proceedings filed against her until after default judgment was entered and did not engage in any culpable conduct that led to the default, the default judgment should be set aside and the case dismissed for lack of personal jurisdiction. *Audio Toys, supra* at \*4.

## II. The District Court Abused Its Discretion In Finding That Appellant Engaged In Culpable Conduct To Evade Service

In June 2024, three months before commencement of this action, Appellant moved from California to Florida. ER-84-87, ¶3; ER-15-20, ¶5. On November 15, 2024, because of ongoing harassment and privacy concerns unrelated to this lawsuit that she had no knowledge of, Appellant changed her phone number and, as of that date, no longer had any access to calls or texts to her former phone number, (310) 871-1771. ER-84-87, ¶7; ER-15-20, ¶7. Likewise, Appellant did not use or have access to either of the two email accounts used by Appellee at the time of attempted service. ER-84-87, ¶¶ 12, 13; ER-15-20, ¶11.

Only after Appellant became aware that default was entered by the District Court did she attempt to log into the two dormant email accounts used by Appellee. ER-84-87, ¶11; ER-88-99. She received messages indicating "no

account found" for missekeily87@gmail.com and that the "account has been deactivated due to inactivity" for elizabethkeily@yahoo.com. ER-84-87, ¶11; ER-88-99. Appellee's Proof of Service filed with the District Court lacks actual proof of actual service—it only alleges that the two emails did not bounce back and a text sent by Appellee's counsel did not turn a certain color on Appellee's counsel's phone. ER-153-154. On its face, the Proof of Service is not evidence of any actual service on Appellant—nor does it even allege actual proof of it.

Under the good cause standard for setting aside defaults and default judgments, courts consider whether culpable conduct of the defendant led to the default. USCS Fed Rules Civ Proc R 55. Here, the District Court found that Appellant engaged in culpable conduct by changing her phone number on November 15, 2024—because the change occurred after Appellant received a confusing *and anonymous* text message informing her that Appellee would be seeking authorization for alternative service.

This finding was clearly erroneous and the District Court abused its discretion in drawing an adverse inference from the timing of Appellant's phone number change without considering innocent explanations for the coincidence, including that the Appellant was also being harassed by anonymous parties. Indeed, it appears as though the District Court applied the wrong standard and burden of proof as it noted that "Defendant does not explain the reason for such a

24

glaring coincidence," but placed the burden on her to disprove an inference of bad faith rather than requiring Appellee to prove culpable conduct even though the District Court should have resolved all doubts in favor of vacating default. *O'Connor*, *supra*, 27 F.3d at 364.

Regardless of the burden, the evidence shows Appellant did not engage in any culpable conduct that led to the default. Although a court may consider several factors in deciding to set aside an entry of default, the District Court erred in its finding that Appellant engaged in culpable conduct warranting denial of her motion:

> "[A] defendant's conduct is culpable if [it] has received actual or constructive notice of the filing of the actions and intentionally failed to answer." *Id*. at 697-98 (emphasis in original). Culpability involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings as to which subject matter jurisdiction was unchallenged." *Id*. at 698 (quoting *Gregorian v. Izvestia*, 871 F.2d 1515, 1525 (9th Cir. 1989)). "[T]o treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010). Typically, courts hold "that a defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id*.
> *Jarvis v. State Farm Gen. Ins. Co.*, 2024 U.S. Dist. LEXIS 193187, *4-5 (C.D. Cal. September 5, 2024.)

25

Here, there is absolutely no evidence that Appellant's failure to respond was in bad faith—just the District Court's speculation. "[I]f a defendant's conduct was not 'culpable', then her failure to respond to a lawsuit is ordinarily 'excusable'" under Rule (60(b)(1). *TCI Group Life Ins. Plan*, 244 F.3d at 697-97.

In *Great W. Cas. Co. v. Arch Ins. Co.*, the court vacated a default judgment where there was a similar lack of evidence of culpable conduct:

> After considering the parties' arguments, I find that Arch has not engaged in culpable conduct. For a party to be treated as culpable, it must do more than simply make a "conscious choice not to answer." *Savov v. Immunotech Labs., Inc.*, 2023 U.S. Dist. LEXIS 48378, at *6 (D. Nev. Mar. 21, 2023). Indeed, it must be shown that a party "intended to interfere with judicial decision making, or otherwise manipulate the legal process." *Id.* (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). "Here, the Court cannot discern how [the defendants] improperly benefitted from their tardy participation." *Wells v. Glob. Tech Indus.*, 2022 U.S. Dist. LEXIS 180447, at *7-8 (D. Nev. Sep. 30, 2022); *see Chrome Hearts, LLC v. Boutique Talulah*, 2012 U.S. Dist. LEXIS 140120, at *7 (D. Nev. Sep. 28, 2012).
>
> ************************************************
>
> Great West has not demonstrated how Arch's tardy participation has led them to have improperly benefitted, gained strategic advantage, or manipulated the legal process. Further, now that Arch is aware of this litigation, it has expressed a desire to defend itself and file a responsive pleading. *See Savov*, 2023 U.S. Dist. LEXIS 48378, at *6. Given Arch's recent activity in the case, combined with the fact that the Ninth Circuit strongly favors judgment on the merits, the culpability prong

26

> weighs in favor of setting aside the clerk's default. *See Mesle*, 615 F.3d at 1089 ("[A] case should, whenever possible, be decided on the merits.").

*Great W. Cas. Co. v. Arch Ins. Co.*, 2026 U.S. Dist. LEXIS 37355, *5-6 (February 23, 2026).

Similarly, the District Court's finding assumes that Appellant received and read the November 14, 2024 text message before changing her phone number on November 15, 2024. However, there is no evidence in the record establishing if and when Appellant actually accessed the message or whether she read it before changing her number. The fact that a message is marked as "Delivered" does not establish when or whether an intended recipient read it. ER-81-83. The District Court's reliance on the allegation that Appellant took a screenshot of the anonymous text message sent to her as its support for culpable conduct is similarly misplaced.

Even if the timing of the phone number change was suspicious, suspicion alone does not constitute evidence of culpable conduct. Instead, the text message from Appellant of the screen shot from an anonymous party clearly shows Appellant did not understand who the text was from or what it was referring to. ER-15-20, ¶¶3-4. Accordingly, the District Court abused its discretion by finding culpable conduct in the evasion of service based solely on temporal proximity without requiring proof of intent to evade.

Moreover, the District Court referenced no evidence that Appellant's failure to respond was in bad faith. Because the evidence demonstrates that Appellant was never actually served, did not have notice of the lawsuit and default proceedings filed against her until after default judgment was entered and did not engage in any culpable conduct that led to the default, the default judgment should be set aside and the case dismissed for lack of personal jurisdiction.

## III. The District Court Abused Its Discretion In Finding That Appellant Failed To Present A Meritorious Defense

The good cause standard requires consideration of whether the defendant has a meritorious defense. USCS Fed Rules Civ Proc R 55. A defense is considered meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). A defendant only needs to assert "a factual or legal basis that is sufficient to raise a particular defense; the question of whether a particular factual allegation is true is revolved at a later state." *Audio Toys, Inc.*, *supra*, U.S. Dist. LEXIS 44078, at *3 (crediting defendant's meritorious defenses and vacating default judgment). In any event, "[a] meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Quach v. Cross*, No. CV 03-

09627 GAF, 2004 U.S. Dist. LEXIS 28983, at *5 (C.D. Cal. Dec. 3, 2004) (internal quotations omitted). A defendant need not prove that she will prevail on the merits but must only present evidence of a defense that would constitute a valid defense to the action. "This burden is 'not extraordinarily heavy' and requires only that the defendant 'allege sufficient facts, that if true, would constitute a defense.' *Great W. Cas. Co. V. Arch Ins. Co.,* 2026 U.S. Dist. Lexis 37355 *7 (N.D. Cal, February 23, 2026) (quoting *Mesle*, 615 F.3d at 1094 (internal citations omitted)).

Here, Appellant presented three meritorious defenses: (1) statute of limitations; (2) denial of all allegations and lack of evidence connecting her to the alleged conduct; and (3) evidence that she was also a victim of harassment by unknown parties.

The District Court rejected the statute of limitations defense based on the doctrine of fraudulent concealment. ER-5-14, p. 6. However, this ruling required the District Court to make factual findings on the merits including whether Appellant affirmatively took action to mislead and whether Appellee exercised reasonable diligence yet was unaware of her cause of action. *Hexcel Corp. v. Ineos Ploymers, Inc*. 681 F.3d 1055, 1060 (9th Cir. 2012) (quoting *Conmar Corp. v. Mitsui & Co. (U.S.A.) Inc.*, 858 F.2d 499, 502 (9th Cir. 1988)(citing *Rutlege v. Boston Woven Hose & Rubber Co.*, 576 F.2d 248, 249-50 (9th Cir. 1983) (emphasis added) ("The plaintiff] carries the burden of pleading ***and proving*** fraudulent

29

concealment; it must plead facts showing that [the defendant] affirmatively misled it, and that [the plaintiff] had neither actual or constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts.").

These are factual questions that must be resolved through discovery and trial, not on a motion to set aside default without the benefit of a hearing to produce evidence. The District Court, therefore, abused its discretion in rejecting Appellant's meritorious statute of limitations defense and applying the doctrine of fraudulent concealment based on nothing more than Appellee's disputed allegations.

The District Court also rejected Appellant's denial of the allegations by finding that her defense "misunderstands Appellee's case." ER-5-14, p. 6. Appellant clearly understands she had nothing to do with any of the alleged harassment perpetrated by unknown parties. The District Court noted that most of the alleged harassment was virtual rather than in-person, and that Appellant's statement that she never visited Texas did not preclude liability under California law. *Id*. at p. 7. However, these findings ignore Appellant's denial, the statements in her sworn declarations, and again required the District Court to evaluate the merits of Appellee's claims and the sufficiency of the evidence, which was inappropriate at this stage. Accordingly, and similar to Appellant's statute of limitations defense, the District Court abused its discretion in rejecting Appellant's

30

meritorious defense to all the allegations and lack of evidence connecting her to the alleged conduct because there was "some possibility" it could succeed.

Finally, the District Court dismissed Appellant's submitted evidence, under the penalty of perjury, that she was also a victim of harassment because it purportedly lacked detail and was unclear as to how it constitutes a defense. *Id*. However, if Appellant was victimized by the same unknown parties who harassed Appellee, as alleged by Appellant, it follows that this would cast a huge doubt whether Appellant was also one of the unknown perpetrators of the harassment as alleged in the Complaint and, therefore, would serve as a basis to Appellee's allegations.

The District Court also faulted Appellant for failing to provide a proposed answer, a detailed declaration regarding her defenses, or a legal memorandum. However, procedural deficiencies, even assuming they exist, do not establish that Appellant lacks a meritorious defense. Appellant denied all of the unsupported and vague allegations in the Complaint and presented evidence supporting her defenses, which are sufficient to satisfy this factor – especially given the nature of the allegations and unconfirmed and disputed and facially questionable link of the alleged statements and conduct to Appellant.

31

**IV. The District Court Abused Its Discretion In Finding Prejudice To Appellee**

The good cause standard requires consideration of whether the Appellee will be prejudiced by setting aside the default. USCS Fed Rules Civ Proc R 55. The fundamental question for this prong of the test is whether the plaintiff's "ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Losing a default judgment or a "quick victory" is insufficient to establish prejudice and deny a proper motion to vacate a default. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000); *Audio Toys, Inc.*, *supra*, 2007 U.S. Dist. LEXIS 44078, at *3 (N.D.Cal. Jun. 6, 2007) ("Having to try a case on the merits is not by itself sufficient prejudice … the delay must result in tangible harm, such as loss of evidence or more difficult discovery.") (internal quotations omitted).

Here, notwithstanding the established case law holding that losing a default judgment is insufficient to establish prejudice, the District Court found prejudice based on Appellant's loss of access to calls, texts, and messages associated with her old phone number and two email accounts. ER-5-14. The District Court's finding of prejudice was speculative, at best. The District Court assumed, without any evidence, that simply because Appellant changed her phone number the data from the Appellant's old phone number and email accounts a) were unavailable or lost; and b) would have contained relevant evidence. This Court has previously found

32

that "merely alleg[ing], without providing any evidence, that the delay caused by reopening the case would make it difficult to gather evidence and identify witnesses." *United States v. Assorted Firearms, Motorcycles & Other Personal Prop.*, 605 Fed. Appx. 603, 606 (9th Cir. 2015).

Thus, there is no evidence in the record that phone and email records and data cannot be obtained through subpoena or otherwise. Moreover, Appellant may have had no communications relevant to this case on those accounts—evidence which would obviously support Appellant's defenses.[1]

At a minimum, therefore, there is no basis for prejudice to Appellee.

## V.      The District Court Erred In Denying Relief Under Rule 60(B)

Rule 60(b) provides several grounds for relief from a final judgment, including mistake, inadvertence, surprise, or excusable neglect; fraud or misrepresentation; void judgment; and any other reason that justifies relief. USCS Fed Rules Civ Proc R 60.

---

[1] The District Court also failed to consider that any prejudice to Appellee—although there is none—could be addressed through other means, such as adverse inferences or sanctions, rather than by denying Appellant's motion entirely along with her ability to present evidence to defend herself in trial.

The District Court found that Appellant's lack of actual notice did not constitute excusable neglect because she learned of the lawsuit in late August or early September 2025, before the default judgment was entered in late September 2025, and failed to appear. ER-5-14, p. 8. However, this finding ignores Appellant's statement that she initially believed the rumor of a lawsuit was false and only confirmed its existence after consulting an attorney. ER-15-20, ¶14.

Moreover, even if Appellant learned of the lawsuit before default judgment was entered, this does not magically cure the lack of due process she was afforded in never receiving notice of the complaint. Appellant had no opportunity to defend against the complaint or oppose the entry of default because she did not receive proper service.

The District Court also found that the judgment was not void because service was reasonably calculated to provide notice. However, as discussed above, this finding was clearly erroneous and an abuse of discretion. Service to inactive or closed email accounts and the wrong phone number cannot satisfy constitutional due process requirements.

Finally, the District Court failed to adequately consider whether "any other reason" justified relief under Rule 60(b)(6). USCS Fed Rules Civ Proc R 60. The combination of inadequate service, lack of actual notice, substantial judgment amount, and Appellant's presentation of meritorious defenses constitutes

34

extraordinary circumstances warranting relief. To affirm the District Court's denial of Appellant's motion will establish potentially frightening new exposure for anyone sued in the Ninth Circuit who is never served and has no notice of the action. Under the District Court's analysis, so long as a plaintiff files for alternative service to an old, inactive personal email account or by text to an former phone number and verifies it did not "bounce back", an unaware party faces a very real chance of their lives being financially ruined without an opportunity to defend themselves against contested, unsubstantiated and unproven allegations.

The Supreme Court has stated "The fundamental requisite of due process of law is the opportunity to be heard. And that the 'right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'" *Greene v. Lindsey*, 456 U.S. 444, 449 . (1982)(internal citations omitted). The underlying facts and established 9th Circuit and Supreme Court case law require Appellant be afforded the opportunity to defend herself of the specious and unsubstantiated allegations of harassment made against her.

## CONCLUSION

Appellant respectfully requests that this Court reverse the District Court's December 10, 2025 Order denying Appellant's motion to set aside the entry of

35

default and default judgment, and remand with instructions to set aside the entry of

default and default judgment and permit Appellant to defend against Appellee's

claims on the merits.

Date:  April 2, 2026

Call & Jensen, APC

*/s/ Jeffrey M. David*
Jeffrey M. David

*Attorneys for Appellant* Elizabeth Chen
(a/k/a Elizabeth Keily)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## FORM 17. STATEMENT OF RELATED CASES PURSUANT TO CIRCUIT RULE 28-2.6

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form17instructions.pdf*

**9th Cir. Case Number(s)** <u>26-222</u>

The undersigned attorney or self-represented party states the following:

[ X ]  I am unaware of any related cases currently pending in this court.

[ ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** *_/s/ Jeffrey M. David_*          **Date** <u>April 2, 2026</u>
          Jeffrey M. David

37

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s) <u>26-222</u>**

      I am the attorney or self-represented party.

      **This brief contains <u>6,743</u> words,** including <u>**0**</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).
      I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[   ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[   ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[   ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[   ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [   ] it is a joint brief submitted by separately represented parties.
    [   ] a party or parties are filing a single brief in response to multiple briefs.
    [   ] a party or parties are filing a single brief in response to a longer joint brief.

[   ] complies with the length limit designated by court order dated _____.

[   ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** <u> */s/ Jeffrey M. David* </u>     **Date:** <u>April 2, 2026</u>
               Jeffrey M. David

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## FORM 15. CERTIFICATE OF SERVICE FOR ELECTRONIC FILING

**9th Cir. Case Number(s) 26-222** _____

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[    ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ X ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Brianna K. Pierce
Bellatrix Law, P.C.
16868 Via Del Campo Ct. Ste 100
San Diego, CA 92127
Tel: (858) 338-5650
bkp@bellatrix-law.com

Attorneys for Plaintiff Skye Griffin

**Description of Document(s)** *(required for all documents)***:**

### APPELLANT'S OPENING BRIEF

**Signature** */s/ Jeffrey M. David*　　　　　**Date** April 2, 2026 _____
　　　　　Jeffrey M. David

39