No. 26-222

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

Skye Griffin,

*Plaintiff-Appellee*,

v.

Elizabeth Chen (a/k/a Elizabeth Keily),

*Defendant-Appellant*.

On Appeal from the United States District Court
for the Central District of California – Western Division
No. 2:24-cv-07502-MWC-MAA
Hon. Michelle Williams Court

## APPELLANT'S REPLY BRIEF

Jeffrey M. David, Bar No. 265503
Call & Jensen, APC
610 Newport Center Drive, Suite 700
Tel: (949) 717-3000
jdavid@calljensen.com

Jeremy Francis
Sultzer & Lipari, PLLC
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
(845) 483-7100
francisj@thesultzerlawgroup.com

*Attorneys for Appellant*
Elizabeth Chen (a/k/a Elizabeth Keily)

**TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS..................................................................................2

TABLE OF AUTHORITIES ..........................................................................3

INTRODUCTION ..........................................................................................6

ARGUMENT ..................................................................................................8

I.     There Was Insufficient Evidence Before the District Court to Show That the Defendant Would Receive Service by Email or Text Message ......................8

II.    Appellee Has Demonstrated Good Cause to Vacate the Default .................16

       A.     There Was No Evidence of Culpable Conduct ...................................17

       B.     Appellant Presented Meritorious Defenses.........................................21

       C.     Any Purported Prejudice to Appellee was Highly Speculative ..........27

III.    The Default Judgment Should Be Set Aside Pursuant to Rule 60(b)............30

CONCLUSION..............................................................................................34

Form 8. Certificate of Compliance for Briefs.........................................................35

Form 15. Certificate of Service for Electronic Filing............. **Error! Bookmark not defined.**

# TABLE OF AUTHORITIES

Page(s)

## Federal Cases

*Bieganek v. Taylor*,
801 F.2d 879 (7th Cir. 1986) ...................................................................................33

*Brandt v. Am. Bankers Ins. Co.*,
653 F.3d 1108 (9th Cir. 2011) .................................................................................31

*Cmty. Dental Servs. v. Tani*,
282 F.3d 1164 (9th Cir. 2002) .................................................................................17

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990)....................................20

*Facebook, Inc. v. 9 Xiu Network (Shenzen) Tech. Co.*,
2020 WL 9422392 (N.D. Cal. Dec. 17, 2020).......................................................13

*Falk v. Allen*,
739 F.2d 461 (9th Cir. 1984) ..................................................................................21

*First Time Videos, LLC v. FTV Programmgesellschaft MHB*,
2015 WL 5474650 (D. Nev. Sept. 16, 2015).........................................................12

*Francois & Co. v. Nadeau*,
334 F.R.D. 588 (C.D. Cal. Apr. 7, 2020)...............................................................21

*Greenwood v. FAA*,
28 F.3d 971(9th Cir. 1994) .....................................................................................32

*Gregorian v. Izvestia*,
871 F.2d 1515 (9th Cir. 1989) ..................................................................................7

*Hawaii Carpenters' Trust Funds v. Stone*,
794 F.2d 508 (9th Cir.1986) ...................................................................................24

*Johnson v. City of Los Angeles*,
2019 WL 6655383 (C.D. Cal. Aug. 5, 2019)..........................................................30

*Mendoza v. Wight Vineyard Management*,
783 F.2d 941 (9th Cir. 1986) ..................................................................................24

*Mercury Interactive Corp. Sec. Litig. v. Mercury,
Interactive Corp.*, 618 F.3d 988 (9th Cir. 2010)............................................ 25, 26

*Owens-Illinois, Inc. v. T&N Ltd.*,
191 F.R.D. 522 (E.D. Tex. Feb. 28, 2000) ............................................................33

*Peralta v. Heights Medical Center, Inc.*,
485 U.S. 80 (1988)..................................................................................................32

3

*Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*,
  507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).....................................31
*Salomaa v. Honda Long Term Disability Plan*,
  642 F.3d 666 (9th Cir. 2011) ...............................................................................20
*United States v. Signed Personal Check No. 730 of Yubran S. Mesle*,
  615 F.3d 1085 (9th Cir. 2010) ....................................................... 17, 18, 23, 24
*UBS Fin. Servs. v. Berger*,
  2014 U.S. Dist. LEXIS 193761 (N.D. Cal. Apr. 24, 2014) ..................................14

## Cases

*Applied Materials, Inc. v. Demaray LLC*,
  2020 U.S. Dist. LEXIS 236758 (N.D. Cal. Dec. 16, 2020)...................................19
*B.G. v. Stanley Steemer Int'l, Inc.*,
  2026 U.S. Dist. LEXIS 135329 (W.D. Wash. Jun. 17, 2026) ..............................18
*Beitman v. Correct Clear Sols.*,
  2018 U.S. Dist. LEXIS 242557 (D. Ariz. Nov. 30, 2018)....................................26
*Dyer v. Does*,
  2025 U.S. Dist. LEXIS 88457 (N.D. Cal. May 8, 2025)......................................12
*Future Motion, Inc. v. Doe*,
  2021 U.S. Dist. LEXIS 135261 (N.D. Cal. Jul. 20, 2021) ...................................11
*Goes Int'l, AB v. Dodur Ltd.*,
  2015 U.S. Dist. LEXIS 50394 (N.D. Cal. Apr. 16, 2015)....................................11
*Goldberg v. Touche Ross & Co.*,
  1982 U.S. Dist. LEXIS 16959 (S.D.N.Y. Dec. 7, 1982) .....................................33
*Jeffrey Gu v. City of Irvine*,
  2026 U.S. Dist. LEXIS 36410 (C.D. Cal. Feb. 17, 2026) ...................................28
*Millerknoll, Inc. v. Sohnne, Inc.*,
  2025 U.S. Dist. LEXIS 273571 (N.D. Cal. Sep. 23, 2025) .................................22
*Pac. Steel Grp. v. CMC Fabricators, Inc.*,
  2026 U.S. Dist. LEXIS 84150 (C.D. Cal. Apr. 16, 2026) ...................................19
*Proline Distrib. Servs. v. Rhino Boss LLC*,
  2020 U.S. Dist. LEXIS 100379 (C.D. Cal. Feb. 20, 2020) .................................31
*Sadegi v. 1*,
  2025 U.S. Dist. LEXIS 279956 (C.D. Cal. Jul. 1, 2025).....................................13
*Sendzul v. Hoag*,
  2022 U.S. Dist. LEXIS 71105 (C.D. Cal. Apr. 14, 2022) ...................................10
*Signature Surgery Ctr. LLC v. Cel Servs. Grp., Inc.*,
  2022 U.S. Dist. LEXIS 103964 (D. Nev. Jun. 10, 2022) ....................................13

*Sosa v. Bridge Store, Inc.*,
  2011 U.S. Dist. LEXIS 37309 (E.D. Cal. Apr. 5, 2011) .....................................26
*Susa Fin., Inc. v. Sprout Mortg., LLC*,
  2023 U.S. Dist. LEXIS 89310 (C.D. Cal. Apr. 19, 2023) ..................................22
*Thu Hoang v. Kieu Hoang*,
  2026 U.S. Dist. LEXIS 116443 (C.D. Cal. May 8, 2026) ..................................24
*Timeless Prod. FZ LLC v. Vieconnect*,
  2025 U.S. Dist. LEXIS 115831 (N.D. Cal. Jun. 17, 2025)....................... 8, 15, 16
*Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*,
  2016 U.S. Dist. LEXIS 43128 (C.D. Cal. Mar. 25, 2016)...................................11
*Wheelimage Corp. v. Axial Mfg.*,
  2024 U.S. Dist. LEXIS 117915 (C.D. Cal. Apr. 25, 2024) ................................22

## Federal Rules

FRCP Rule 23(h)...........................................................................................26
FRCP Rule 28 ................................................................................................6

5

## **INTRODUCTION**

Defendant-Appellant Elizabeth Chen a/k/a Elizabeth Keily ("Appellant"), by and through undersigned counsel, pursuant to Rule 28 of the Federal Rules of Appellate Procedure, hereby respectfully submits this Reply in further support of her opening brief ("Opening Br.") appealing the United States District Court for the Central District of California's December 10, 2025 Order denying Appellant's motion to set aside the entry of default and default judgment entered against her.

As set forth in the Opening Br., the District Court erred in authorizing alternative services of the complaint by email and text message despite no evidence that the Appellant was actively using or monitoring the chosen phone number or email accounts. Appellant never received service of the complaint and learned about the lawsuit through a rumor that she was only able to confirm after the default judgment was entered. Upon learning of the litigation, Appellant promptly moved to vacate, presenting documentary evidence that she was not responsible for the harassing conduct alleged and setting forth a colorable statute of limitations defense. Nevertheless, the District Court erroneously determined credibility and factual disputes in Appellee's favor and refused to vacate the default judgment of more than $5 million.

Appellee's answering brief ("Answering Br.") primarily consists of accusations of dishonest and evasive conduct on the part of Appellant. These

arguments are based on pure conjecture and mischaracterizations of the factual record. As demonstrated below and in the Opening Br., there is nothing in the record to support a finding that Appellant actively attempted to avoid service of the complaint in this case. Nor has Appellee presented anything beyond speculation to support her feigned concern that she will be prejudiced by a loss of relevant evidence if the case proceeds. Rather, Appellee's true goal is a quick victory on default after alternative service that deprived Appellant of due process so that Appellee does not have to prove her claims (which themselves are conclusory, at best) at trial.

Upholding such a large judgment based on speculation and conjecture would violate basic legal precepts that have been consistently recognized by this Court, including the requirement to resolve any doubts in favor of the party seeking to vacate a default and the strong preference to determine cases on their merits. *See Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir. 1989) (holding that motions to vacate are subject to three important policy considerations: "First, since Rule 60(b) is remedial in nature, it must be liberally applied. Second, default judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits. Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any should be resolved in favor

of the motion to set aside the judgment.") (internal citations omitted). Accordingly, the District Court's Order should be reversed, and the default should be vacated.

## ARGUMENT

**I.      There Was Insufficient Evidence Before the District Court to Show That the Defendant Would Receive Service by Email or Text Message**

The District Court's conclusion that service of process on the Appellant was "reasonably calculated to provide notice" and thus comported with constitutional due process was erroneous. As set forth in the Opening Br., there was no factual basis for the District Court to reasonably believe that Appellant would receive legal documents sent to the phone number or two email addresses in Appellee's application for alternative service. Opening Br. 17-23.

Appellee's answering brief contends that the evidence presented to the District Court regarding Appellant's *prior use* of the email addresses and phone number and unanswered attempts to contact Appellant though these channels was sufficient. Due process, however, requires that an application for alternative service be supported by an investigation showing that the intended recipient is still *actively* using and monitoring the email accounts or phone numbers at issue. *See Timeless Prod. FZ LLC v. Vieconnect*, 2025 U.S. Dist. LEXIS 115831, *8 (N.D. Cal. Jun. 17, 2025). As set forth below, the evidence presented to the District Court in this case fell well below that standard and did not establish Appellant's active use and monitoring of the email and phone numbers.

With respect to the two email addresses, the only evidence Appellee provided to the District Court was the assertion that emails sent to those addresses did not bounce back. ER-167 ¶ 12. Appellee contends that the fact that the emails were not returned as undeliverable "provided at least some minimal assurance" that Appellant would actually receive them. Answering Br. p. 17. The lack of a "bounce back" on an email, however, does not ensure that an email was successfully transmitted or received. ER-82 ¶¶ 5 & 6. Accordingly, it is not evidence of anything other than the emails successfully leaving the sending server and being accepted by the receiving server; it doesn't guarantee it reached the recipient's inbox. *Id.*

Nor was there any evidence before the District Court that Appellant monitored or regularly used either of the email accounts such that there was a likelihood she would receive service of process at those email addresses. Appellee did not, for example, assert that Appellant responded to the test emails her counsel sent, or that she or her counsel had ever successfully communicated with Appellant by email to or from those accounts. In fact, the only evidence in the record shows that the email accounts were dormant and deactivated, and Appellant was not actively using them to communicate. ER-18 ¶ 11 & 86 ¶¶ 10-13.

Appellee characterizes this evidence as a "post-hoc reconstruction" and asserts it does not show that the accounts were inactive at the time of the test

9

emails or attempted service of process. Answering Br. 17-18. That argument misses the point entirely. First, Appellant has submitted two sworn declarations stating that the email accounts were not active or monitored during the relevant time period, so there is no basis for the suggestion that Appellant deactivated the accounts only after the default judgment was entered. ER-18 ¶ 11 & 86 ¶¶ 10-13.

Second, Appellee's argument inverts the parties' burden with respect to the application for alternative service. Appellee, as the party moving for alternative service of process, bore the burden to demonstrate to the District Court that such service was reasonably calculated to be effective. *See Sendzul v. Hoag*, 2022 U.S. Dist. LEXIS 71105, *5 (C.D. Cal. Apr. 14, 2022) ("Plaintiff bears the burden of establishing that her alternative service method is reasonably calculated to provide the Unserved Defendants with actual notice."). Accordingly, it was not Appellant's responsibility to show that the email accounts were inactive, as Appellee suggests, rather it was Appellee's burden to show that service by email would reach its intended recipient. Appellee's failure to meet that burden is reinforced by the record evidence showing that the accounts had been deactivated.

The District Court did not address Appellant's evidence that the email addresses were not active at the time of the test emails and subsequent attempted service and instead placed undue weight on the assertion that the test emails did not bounce back, holding that "[a] court can rely on evidence of a successful email

delivery to justify alternative service via email." ER-9. Appellee likewise relies entirely on the "two non-bouncing test emails" to support her contention that the order directing alternative service was proper. Answering Br. 17.

Both the District Court and the Appellee appear to be under the misapprehension that non-bouncing emails *alone* are sufficient to justify alternative service by email without other evidence that the intended recipient actively uses or monitors the email address. Decisions in this Circuit, however (including the cases relied upon by both the District Court and Appellee), require more. For example, in *Future Motion, Inc. v. Doe,* 2021 U.S. Dist. LEXIS 135261 (N.D. Cal. Jul. 20, 2021), cited by both the Appellee and the District Court (ER-9; Answering Br, p. 17), the court permitted service by email because "Future Motion sent an email to Defendant's 425136673@qq.com email address and the email recipient *confirmed receipt*. In addition, Defendant subsequently stopped the sale of the product which suggests that the demand letter was received and understood." *Id*. at * 6 (internal citations omitted) (emphasis added). Similarly, in *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp*., 2016 U.S. Dist. LEXIS 43128 (C.D. Cal. Mar. 25, 2016) the court allowed service by email to addresses that defendants had identified as their preferred contact information to the USTPO and one defendant had *responded* affirmatively to a test email. *Id*. at *8. Finally, in *Goes Int'l, AB v. Dodur Ltd*., 2015 U.S. Dist. LEXIS 50394 (N.D. Cal. Apr. 16, 2015) the court

11

authorized service by email where the plaintiff had "frequent correspondence" with a defendant through the proposed email addresses. *Id.* at *7. While the court also allowed service on another defendant for whom a test email bounced back, that email address was at least somewhat verifiable because it had been supplied by defendant's employer. *Id.* Notably, while the court allowed email service, it did so reluctantly and only because it was "uncertain what more [plaintiff] could do to provide him notice of these proceedings." *Id.*[1]

Here, unlike the cases cited by Appellee, there was no evidence before the District Court that Appellant communicated through or monitored either of the two email addresses at issue. Decisions in this Circuit have consistently held that absent such evidence, email service violates due process. *See Dyer v. Does*, 2025 U.S. Dist. LEXIS 88457, *8 (N.D. Cal. May 8, 2025) ("the information in the record as to whether Ezeh uses or monitors the email address glee.fuller.og@gmail.com is insufficient to show that service to that email address is a reliable means of giving notice."); *First Time Videos, LLC v. FTV Programmgesellschaft MHB*, 2015 WL 5474650, at *2 (D. Nev. Sept. 16, 2015) (service by email inappropriate partly because the plaintiff had not previously communicated with the defendant via the

---

[1] Appellant maintained social media accounts that were visible to Appellee and her counsel and which consistently revealed her location as Miami, Florida, not California, where personal service was attempted. ER-18 ¶ 13; ER-169. Accordingly, unlike *Goes Int'l*, there were additional steps Appellee could have taken to determine Appellant's whereabouts and effectuate service.

proposed email address); *Signature Surgery Ctr. LLC v. Cel Servs. Grp., Inc*., 2022 U.S. Dist. LEXIS 103964, *4-5 (D. Nev. Jun. 10, 2022) (denying motion for service by email where "there is nothing indicating that Plaintiffs (or anyone else for that matter) has been successful contacting Defendants through this email address."); *Facebook, Inc. v. 9 Xiu Network (Shenzen) Tech. Co*., 2020 WL 9422392, at *3 (N.D. Cal. Dec. 17, 2020) (denying a request for alternative service via email to a defendant who's email address was believed to be deactivated); *Sadegi v. 1*, 2025 U.S. Dist. LEXIS 279956, *7 (C.D. Cal. Jul. 1, 2025) (denying motion for alternative service via WhatsApp phone number where "Plaintiff submits that the phone numbers are no longer active on WhatsApp[and] [t]here is no discussion as to whether Plaintiff has ever contacted these phone numbers outside WhatsApp.").

The same principles apply to Appellee's application to serve the complaint by text message. That application should have been denied because there was no sound evidence before the District Court indicating that that Appellant would actually receive service of process in this case by text message. Appellant relies on two pieces of "evidence," neither of which demonstrate that a text message was reasonably calculated to provide actual notice. First, Appellee points to Appellant's alleged receipt of process by text message using the same phone number in a prior CHRO proceeding in April 2024. Answering Br. 14-15. In fact, the evidence

before the District Court demonstrated that Appellant did not actually receive any documents related to the CHRO proceeding by text message, only a vague "warning" message that she did not understand. ER-16 ¶ 3. Moreover, that Appellant allegedly received a text message in a *different proceeding more than six month prior*, does not establish any reasonable likelihood that service to that number in a *different case more than six months later*.

As with the email addresses used to attempt service, there was no evidence before the District Court that Appellant was currently communicating with Appellee, or anyone else, using the phone number in question at the time alterative service was authorized. Appellee's reliance on *UBS Fin. Servs. v. Berger,* 2014 U.S. Dist. LEXIS 193761 (N.D. Cal. Apr. 24, 2014) is misplaced. Answering Br 15. In *UBS*, the court did not simply rely on the fact that plaintiff had sent unanswered text messages to defendant in a prior proceeding (as was the case here), but rather, that the defendant had *actually corresponded with plaintiff* using the email that plaintiff wanted to use for service. *See UBS Fin. Servs. v. Berger* 3:13-cv-03770-JST, Dkt. 14-1, ¶ 11. Here, unlike *UBS*, there was no evidence before the District Court that Appellant was actively communicating with Appellee or her counsel using the phone number at issue.

Second, Appellee relies on the alleged "test" text message sent by her counsel to the phone number several days before the attempted service. Answering

14

Br. 15-16. Whether Appellant ever received that text message, however, is heavily disputed. While Appellee argues that the message was marked as "Delivered," Appellant denies ever having received it, and her mobile device forensics expert opined that the fact the text message turned blue does not necessarily indicate that it was received. ER-18 ¶ 8; ER-85 ¶ 9; ER 83 ¶ 7. Appellee did not present any additional evidence that Appellant had received the text message or was continuing to use the phone number at issue. Appellee never alleged or demonstrated, for example, that Appellant responded to the text message, forwarded it to a third party, or gave any other indication of having received it. Accordingly, the "test" text message raised more questions than it answered and was the subject of a factual dispute between the parties. Given the strong judicial policy to resolve doubts in favor of the party seeking to vacate a default and have cases decided on the merits, the District Court erred in determining this contested fact issue in favor of Appellee.

In sum, and as set forth in the Opening Brief, courts in this Circuit have consistently rejected applications for alternative service like Appellee's because they do not satisfy due process. *See* Opening Br. 18-23 (citing e.g. *Timeless*, 2025 U.S. Dist. LEXIS 115831, *8). Appellee contends that *Timeless* is inapposite because in that case "plaintiff offered no investigation, no prior history of communication, and no factual showing of use." Answering Br. at p. 18. The court

in *Timeless*, however, did not simply hold that the applicant's investigation was deficient. It specifically held that any such investigation would need to show that the proposed channels of service were being actively used and monitored by the intended recipient. *See Timeless*, 2025 U.S. Dist. LEXIS 115831, *8 ("Plaintiff has not provided the Court with a document is aware of no document that shows Defendants used email and WhatsApp to communicate with Plaintiff . . . there is no indication that the address or the phone number are consistently used by Defendant Pham, or anyone else.). Here, as in *Timeless*, no evidence was presented to the District Court demonstrating that Appellant was actively using the email accounts and phone number at issue to communicate at the time of the attempted service. Accordingly, there was no support for the conclusion that service through those channels would actually reach Appellant, and the authorization of alternative service violated due process.

## II. Appellee Has Demonstrated Good Cause to Vacate the Default Judgment

As set forth in the Opening Brief, even if the alternative service authorized in this case complied with due process (which it did not), the District Court nevertheless also erred in denying Appellant's motion to vacate the default judgment pursuant to FCRP Rules 55(c) or 60(b). Appellant demonstrated that there is good cause to set aside the default inasmuch as she did not receive actual notice of the proceedings, did not intentionally evade service, has meritorious

defenses to the claims, and that Appellee will not be prejudiced by vacating the default.

Appellee's arguments to the contrary are based on a mischaracterization of the facts and the procedural record below. The Answering Br. also ignores the fundamental principle espoused by this Court that "cases should, whenever possible, be decided on the merits," and courts should resolve any doubt regarding whether to grant relief in favor of vacating default. *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1170 (9th Cir. 2002). *See also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*") (finding denial of motion to set aside default and entry of default judgment appropriate only in "extreme circumstances"). In light of this Court's strong preference to resolve cases on their merits, the District Court erred in refusing to vacate the default judgment.

### A. There Was No Evidence of Culpable Conduct

The District Court abused its discretion in finding that Appellant engaged in culpable conduct to evade service. The only basis for that determination was the District Court's speculation regarding the timing of Appellant's decision to change her phone number the day after she allegedly received the "test" text message from Appellee's counsel. ER-9. Appellee also relies on this lone piece of evidence of

17

alleged culpable conduct, arguing that "the timing alone would justify the culpability inference." Answering Br. 22. Not so.

This Court requires more than mere coincidence and speculation for a finding of culpable conduct, it requires that there be "***no explanation*** of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle*, 615 F.3d at 1092 (emphasis added). "This is, indeed, a high bar to clear. Unless the Court finds that Defendant's good-faith explanation for its default is wholly implausible, the Court cannot consider Defendant to have been culpable." *B.G. v. Stanley Steemer Int'l, Inc.*, 2026 U.S. Dist. LEXIS 135329, *10 (W.D. Wash. Jun. 17, 2026) (internal citations omitted).

Here, Appellant did provide an explanation for changing her phone number after the "test" text message was set, and that explanation is not "wholly implausible." First, as set forth above, Appellant never received the November 14, 2024 "test" text message. ER-18 ¶ 8. Second, she explained that she changed her phone number on November 15, 2024, as a result of unsolicited messages and harassment she was receiving in October of 2024. ER-17 ¶¶ 6-7. Appellant supported that explanation with documentary evidence of the harassing communications she had received that caused her to change her phone number. ER-60-62.

18

The District Court did not simply fail to credit Appellant's plausible explanation for never having received service of process, it failed *to even consider it*, concluding that "[Appellant] does not explain the reason for such a glaring coincidence." ER-9. Appellee argues that the District Court did not need to evaluate Appellant's explanation because it was only raised on the first time in her reply on the motion to vacate. Answering Br. 23. Arguments and evidence presented in reply, however, are not "new" if they are in direct response to arguments and proof adduced in opposition to a motion. *See Applied Materials, Inc. v. Demaray LLC*, 2020 U.S. Dist. LEXIS 236758, *2-3 (N.D. Cal. Dec. 16, 2020) ("evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."); *Pac. Steel Grp. v. CMC Fabricators, Inc.*, 2026 U.S. Dist. LEXIS 84150, *9 (C.D. Cal. Apr. 16, 2026) ("Arguments not made in a moving brief but made in response to matters that were raised in the opposition are also not considered new.") That was the case here. Appellant did not need to provide an explanation for changing her phone number until she was accused of evading service in Appellee's opposition to the motion to vacate the default judgment. Once that argument was raised, Appellant replied by disclaiming any culpable conduct and providing evidentiary support to show why she changed her phone number. ER-17 ¶¶ 6-7; 60-62.

19

Appellee further contends that Appellant's explanation as to why she changed her phone number was incredible. Answering Br. 24. Specifically, Appellee argues that the harassing messages were sent either long before or just after Appellant changed her number and thus could not have been the true reason she did so. *Id*. That is a blatant mischaracterization of the record. Appellee completely ignores Appellant's sworn declaration that she received harassing text messages in October of 2024, just weeks before she changed her phone number, as well as the documentary evidence she submitted supporting that claim. ER-17 ¶ 6; 60-62 (communication invoking her phone number and photo of her residence on October 20, 2024).

Finally, Appellee contends that despite the evidence supporting Appellant's innocent explanation for changing her phone number, the District Court was within its discretion in making a credibility determination and concluding that she had tried to evade service. Answering Br. 24-25. The District Court, however, did not simply find Appellant's explanation unpersuasive, it *ignored it completely*. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679 (9th Cir. 2011) ("Weighty evidence may ultimately be unpersuasive, but it cannot be ignored."). Moreover, to the extent the District Court did consider Appellant's explanation and evidence and dismissed it out of hand, that too was an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed.

20

2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.").

There was no evidence in the record to rebut Appellant's assertion that she had changed her phone number as a result of ongoing harassment, rather than in an attempt to avoid service. As such, the District Court had no basis for disbelieving Appellant's innocent explanation. *See Francois & Co. v. Nadeau*, 334 F.R.D. 588, 596 (C.D. Cal. Apr. 7, 2020) ("In evaluating a defendant's alleged culpability, courts are to accept the defendant's uncontested factual allegations accompanying the motion to set aside default as true.") (citing *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984)).

## B. Appellant Presented Meritorious Defenses

The Opening Br. further demonstrated that the District Cout erred in concluding that Appellant did not have meritorious defenses, when in fact, she has three: 1) she did not engage in the conduct that forms the basis of Appellee's claims; 2) Appellee's claims are barred by the applicable statute of limitations; and 3) Appellant herself was the victim of harassment by unknown parties who may be the same parties allegedly harassing Appellee. Opening Br. 29-31.

As to the first meritorious defense, Appellee contends that a general denial of the allegations in the complaint does not constitute a meritorious defense.

Answering Br. 29-30. Appellee, however, submitted two sworn declarations denying that she was responsible for the conduct alleged in Appellee's complaint. ER- 19 ¶ 17; ER-86-87 ¶¶ 14-20. The District Court erred by failing to credit those denials and instead resolving this factual dispute in favor of Appellee. *See Susa Fin., Inc. v. Sprout Mortg., LLC*, 2023 U.S. Dist. LEXIS 89310, *5 (C.D. Cal. Apr. 19, 2023) (finding that "given the low bar to establishing a meritorious defense," defendant sufficiently alleged a meritorious defense even though it "provide[d] no facts at all supporting a meritorious defense[,] . . . ma[de] conclusory statements about its defenses[,]" and denied the allegations against it); *Wheelimage Corp. v. Axial Mfg.*, 2024 U.S. Dist. LEXIS 117915, *8 (C.D. Cal. Apr. 25, 2024) ("At most, Defendants make conclusory statements about their defenses . . . Assuming such facts are true and resolving any doubt in their favor as is required, Defendants could present a successful defense that they did not misappropriate WheelImage's trade secrets. At this stage, the Court is not tasked with determining whether Defendants will ultimately succeed in their defense against WheelImage, but merely whether their defense has merit. Factual disputes are left to a later stage of litigation."); *Millerknoll, Inc. v. Sohnne, Inc.*, 2025 U.S. Dist. LEXIS 273571, *10-11 (N.D. Cal. Sep. 23, 2025) ("Although the proposed Answer contains conclusory factual statements regarding Defendants' defenses, the Court assumes the facts are

22

true and resolv[es] any doubt in [Defendants'] favor as is required[.]") (internal quotations omitted).

Nor, as Appellee argues, were Appellant's denials merely "conclusory." To the contrary, they were supported by specific factual allegations and evidence showing that she was being harassed by an unknown third party. ER-87 ¶¶ 20-21; ER-116-128. While Appellee and the District Court apparently did not understand "how this allegation constitutes a defense . . ." (ER-11, Answering Br. 30), the import of this evidence is clear: it raises the possibility that an unknown third party was "spoofing" and/or harassing both Appellee and Appellant. ER-78-79. Appellee should have been afforded the opportunity to explore this defense rather than be subjected to a default judgment of over $5 million dollars in a lawsuit of which she was unaware.

Appellee also contends that the District Court correctly credited the complaint's fraudulent concealment allegations and rejected Appellant's statute of limitations defense. Answering Br. at 26-29. Specifically, Appellee argues that because "the well-pleaded factual allegations of the complaint—taken as true on default—defeat the defense as a matter of law, the defense is not 'meritorious'". *Id.* at 28. That is not the law in this Circuit. In *Mesle* this Court held that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense: the question ***whether the factual***

23

***allegation [i]s true is not to be determined by the court when it decides the motion to set aside the default.*** Rather, that question would be the subject of the later litigation." *Mesle*, 615 F.3d at 1094 (internal citations and quotations omitted) (emphasis added).

Accordingly, factual disputes and legal challenges to the merits of a defendant's asserted affirmative defenses are not appropriately resolved on a motion to vacate, as the District Court did here. *See Thu Hoang v. Kieu Hoang*, 2026 U.S. Dist. LEXIS 116443, *14 (C.D. Cal. May 8, 2026) ("the Court need not decide at this juncture whether the facts or legal arguments asserted actually will prevail . . . At this point, it suffices that there is 'some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'") (quoting *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986)). It makes no difference whether the challenges to the defenses are raised in the complaint itself or elsewhere, factual questions regarding an asserted defense must be "resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 946 (9th Cir. 1986). *See also Thu Hoang,* 2026 U.S. Dist. LEXIS 116443, *14 (holding vacatur of a default was warranted where defendant raised, *inter alia*, a colorable statute of limitations defense even where "Plaintiffs raise a host of

factual disputes regarding and legal challenges to the merits of Defendants' asserted affirmative defenses.").

Appellee's argument flips this well-settled jurisprudence on its head, requiring a defendant to prove his or her defenses in order to vacate a default. Under *Misle*, however, all that is required is for a defendant, like Appellant, to assert a defense that *if true,* would defeat the claims. The District Court erred by making factual determinations about Appellant's defenses and compounded that error–contrary to Ninth Circuit law–by resolving those fact issues in favor of the non-moving party.

Nor, as Appellee contends, did Appellant waive the statute of limitations defense. Answering Br. 26. While Appellant's reply in support of the motion for vacatur did not specifically address Appellee's fraudulent concealment argument, Appellant continued to maintain that she had strong defenses to the claims in the case, including a statute of limitations defense. Dist. Ct. Dkt. 55 at 12-13. Appellee's reliance on *Mercury Interactive Corp. Sec. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988, 992 (9th Cir. 2010) is entirely misplaced. In *Mercury* this Court made it clear that an issue *could be* deemed waived on appeal when it was not "presented or developed before the district court." (internal quotations and citations omitted). "[A]n issue will generally be deemed waived on appeal *if the argument was not raised sufficiently for the trial court to rule on it*." *Id.* (internal

25

quotations and citations omitted) (emphasis added). In other words, per *Mercury*, an issue is not waived on appeal simply because it was not addressed in a reply brief below. It is only *potentially* waived if the parties did not raise it before the trial court *at all*, depriving the trial court of an opportunity to consider it. Here, Appellant's statute of limitations defense, and Appellee's fraudulent concealment argument were briefed and considered by the District Court. Moreover, *Mercury* makes clear that waiver of an appellate issue is discretionary. *Id*. ("We may consider issues not presented to the district court, although we are not required to do so.") Indeed, even in *Mercury*, this Court exercised that discretion to rule on an issue regarding FRCP Rule 23(h) that had not been raised before the district court. *Id*. If the Court determines that Appellant did not adequately press its arguments related to fraudulent concealment below, it should exercise its discretion to consider them on appeal.

Finally, Appellee argues that Appellant's proposed defenses are not meritorious simply because the Appellant did not submit a proposed answer. Answering Br. 30-31. However, "[t]here is no requirement that a party seeking to set aside a default must file a proposed answer to set forth a meritorious defense - only that a meritorious defense be presented in a motion to set aside." *Sosa v. Bridge Store, Inc.*, 2011 U.S. Dist. LEXIS 37309, *8-9 (E.D. Cal. Apr. 5, 2011). *See also Beitman v. Correct Clear Sols.*, 2018 U.S. Dist. LEXIS 242557, *5 (D.

26

Ariz. Nov. 30, 2018) ("*Defendant's motion* asserts numerous affirmative defenses, which are accompanied by sufficient, specific facts. Therefore, the 'meritorious defense' factor weighs in favor of granting Defendant's motion.") (emphasis added). Moreover, the District Court's conclusion that Appellant had not provided a declaration or memorandum setting for the facts supporting her defenses was clearly erroneous. ER-11. Appellant's sworn declarations in support of vacatur explicitly and specifically denied Appellee's claims and her moving papers set forth the basis for her statute of limitations defense. ER-19 ¶ 17; ER-77-79; ER-86-87 ¶¶ 14-21.

### C. Any Purported Prejudice to Appellee was Highly Speculative

As set forth in the Opening Br., the District Court's finding that Appellee would be prejudiced by setting aside the default judgment was based on conjecture about the *potential* loss of evidence from Appellant's phone and email accounts. Opening Br. 32-33. In response, Appellee misreads Appellant's allegations about her phone and emails (as the District Court did) and expands on the District Court's rampant speculation. Appellee has failed to demonstrate that: 1) the information associated with Appellant's former phone number and emails is relevant to the case; or 2) that information cannot be retrieved though discovery.

First, Appellee argues that information associated with Appellant's former phone number is crucial to her claims and that she would be highly prejudiced if

she was forced to try to prove her claims without it. Answering Br. 31-32. The only connection between that phone number and the claims, however, is that it was allegedly used to link Appellant to one of eighteen Instagram accounts from which defamatory messages were allegedly sent. ER-191 ¶ 20. The phone number was not one of the twenty-three phone numbers allegedly used to harass Appellee. ER-189-90 ¶ 11. Nor were either of Appellant's former email accounts implicated or mentioned in the complaint in any way. Indeed, Appellee makes no attempt to demonstrate that Appellant's emails contain relevant discoverable information, and even the District Court only concluded that the email accounts "*may* have provided relevant discovery." ER-11 (emphasis added). Because the relevance of any lost discovery from Appellant's former phone number and email accounts is purely speculative, the District Court erred in finding Appellee would be prejudiced by vacating the default. *See Jeffrey Gu v. City of Irvine*, 2026 U.S. Dist. LEXIS 36410, *16 (C.D. Cal. Feb. 17, 2026) ("Plaintiff points to no facts which demonstrate a concrete, tangible risk that relevant evidence has been, or will likely be, lost or unavailable because of the City Defendants' short delay in answering the First Amended Complaint.").

Appellee's contention that the information associated with Appellant's former phone number and email accounts cannot be obtained in discovery is also purely conjectural. Appellant changed her phone number and deactivated two

28

email accounts that she was not using. ER-18 ¶¶ 9 & 11; ER-85 ¶¶ 7-8, 10-13. As a result, she did not have access to text messages or emails associated with the phone number or email accounts at the time of Appellee's attempted service. ER-18 ¶ 10; ER-85 ¶¶ 8 & 11. That does not mean, as Appellee assumes, that the information from that phone number and those emails is irretrievable through the normal discovery process. Appellant did not destroy or lose her phone. Dist Ct. Dkt. 55 at 14.[2] Accordingly, while Appellant may not have had access to her text messages and emails in November of 2024, Appellee has not put forth any evidence to show that Appellant cannot recover any potentially relevant information with the assistance of a digital forensic expert, if necessary. The information could also potentially be recovered by subpoenaing Appellant's cell phone carrier. At most, discovery of this information may be slightly more difficult. Answering Br. 33 (arguing that "increased difficulties" in discovery are sufficient to show prejudice and deny vacatur of a default judgment). Those *hypothetical* difficulties, however, pale in comparison to the prejudice inflicted on Appellant by denying her an

---

[2] Appellee contends (citing the District Court's decision denying vacatur) that Appellant's representations about her phone are contradictory, and that "[e]ither Defendant no longer has these items, as she represented to the Court, or she does." Answering Br. at 32 (citing ER-11-12). Not so. Appellant no longer had *access* to her text messages because she changed her phone number. Because Appellant did not destroy or discard her phone, however, retrieving the information on it may be possible. There is nothing contradictory in those representations.

opportunity to contest a more than $5 million judgment on the merits. *See Johnson v. City of Los Angeles*, 2019 WL 6655383, at \*3 (C.D. Cal. Aug. 5, 2019) ("Plaintiff's conclusory allegations that she has been delayed in her ability to conduct discovery and a potential loss of evidence is insufficient to show prejudice."); *Jeffrey Gu*, 2026 U.S. Dist. LEXIS 36410, \*16 ("Such argument about hypothetical 'risk' that evidence will be lost is far too speculative and devoid of factual basis to demonstrate prejudice in the form of impairment to his ability to obtain evidence.").

### III. The Default Judgment Should Be Set Aside Pursuant to Rule 60(b)

As set forth in the Opening Br., Rule 60(b) provides additional grounds for vacating the default judgment. Opening Br. 33-35. Appellee responds that Appellant has not shown "excusable neglect" under Rule 60(b)(1) because she had actual notice of the lawsuit before the District Court entered its default judgment. Answering Br. 34. That argument misstates the record. Appellant did not "learn[] of the case in late August or early September [2025]" as the District Court found. ER-12. Rather, Appellant specifically averred that she *did not know* about the lawsuit prior to the filing of the default but had only heard rumors about a potential legal action, which she justifiably dismissed as false given that she had not been served with process. ER-19 ¶¶ 14-15.

Appellant only learned that the rumored lawsuit was real in late September 2025, after the default judgment was entered, at which point she acted quickly to move to vacate it. *Id*. Appellant's failure to respond to a lawsuit that she never had actual knowledge of is excusable. *See Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). *(*holding that the determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."); *Proline Distrib. Servs. v. Rhino Boss LLC*, 2020 U.S. Dist. LEXIS 100379, *5-6 (C.D. Cal. Feb. 20, 2020) ("Even assuming, as Plaintiff argues, that Defendant received constructive notice of this action, Plaintiff has not put forth any evidence that Defendant's failure to respond was intentional or willful.").

Appellee next argues that because the District Court determined that Appellant engaged in culpable conduct by evading service, it was foreclosed from finding excusable neglect. Answering Br. 34. First, "[a] district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not . . . The district court's finding that [defendant] acted culpably did not preclude it, as a matter of law, from setting aside the default judgment under Rule 60(b)(1) based upon excusable neglect." *Brandt v. Am. Bankers Ins. Co*., 653 F.3d 1108, 1112 (9th Cir. 2011). Second, as

31

set forth above, the District Court's finding of culpable conduct was erroneous inasmuch as Appellant demonstrated that she had legitimate reasons for changing her phone number and did not try to avoid service.

The default judgment should also have been vacated pursuant to Rule 60(b)(4) because Appellant was not properly served and the District Court lacked personal jurisdiction over her. *See* Opening Br. 34; ER-74 (citing *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 85 (1988). Appellee responds that this argument was somehow "forfeited" because it is "derivative" of grounds for vacatur under Rules 60(b)(1) and 60(b)(4). Appellee, however, does not cite any rule or caselaw standing for the proposition that a party cannot make the same argument to support relief under multiple statutory provisions.[3] Appellee's contention that relief under 60(b)(4) is not available because service of the complaint comported with due process is similarly meritless. As set forth above, service of the complaint by email and text message to a defunct phone number and

---

[3] Appellee cites *Greenwood v. FAA*, 28 F.3d 971(9th Cir. 1994) (Answering Br. 36). *Greenwood*, however, did not bar "derivative" arguments. Rather, it held that arguments not raised before an administrative agency could not be raised for the first time on appeal. *Greenwood*, 28 F.3d at 977. Here, Appellant raised her Rule 60(b)(1) and 60(b)(4) arguments before the District Court and in her opening brief. Opening Br. 34; ER-74. Accordingly, Appellee's contention that the argument was not "independently developed" is misplaced.

32

email accounts, with no reason to believe that it would be received by Appellant, violated due process.

Finally, Appellee contends that relief from the judgment pursuant to Rule 60(b)(6) is not appropriate because the extraordinary circumstances identified by Appellant overlap with its arguments under Rules 60(b)(1) and 60(b)(4). Answering Br. 36-37. Appellee, however, ignores Appellant's additional argument that the magnitude of the judgment itself (more than $5 million) is an independent reason to vacate the default. Opening Br. 34. Courts in other Circuits have found that the size of a judgment can, in an of itself, constitute an extraordinary circumstance that warrants vacatur. *See e.g. Bieganek v. Taylor*, 801 F.2d 879, 881 (7th Cir. 1986) (holding that under Rule 60(b) (6) "[t]he size of the judgment is not controlling, but it deserves to be considered, particularly where, as here, under RICO actual damages are to be trebled and attorney's fees added."); *Owens-Illinois, Inc. v. T&N Ltd.*, 191 F.R.D. 522, 529 (E.D. Tex. Feb. 28, 2000) (Setting aside a default judgment because "[s]uch a high dollar amount unquestionably weighs in favor of setting aside the default judgment."); *Goldberg v. Touche Ross & Co.*, 1982 U.S. Dist. LEXIS 16959, *4 (S.D.N.Y. Dec. 7, 1982) (considering that "a judgment of $2,225,000 is a substantial judgment" and a factor to consider in deciding a motion to vacate under Rule 60(b)(6)).

33

## CONCLUSION

For the reasons stated herein and in the Opening Br., Appellant respectfully requests that the Court set aside the District Court's December 10, 2025 Order denying Appellant's motion to vacate the entry of default judgment and remanding to the District Court with instructions to set aside the default judgment and permit Appellant to respond to the complaint.

Date: July 24, 2026

Call & Jensen, APC

/s/ *Jeffrey M. David*
Jeffrey M. David

*Attorneys for Appellant* Elizabeth Chen
(a/k/a Elizabeth Keily)

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

FORM 8. CERTIFICATE OF COMPLIANCE FOR BRIEFS

*Instructions for this form:*
*http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s) <u>26-222</u>**

      I am the attorney or self-represented party.

      **This brief contains <u>6,766</u> words,** including <u>**0**</u> words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).
      I certify that this brief *(select only one)*:

[ X ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** <u>*/s/ Jeffrey M. David*</u>    **Date:** <u>July 24, 2026</u>
      Jeffrey M. David

35